UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. RAHAIM,

   Plaintiff,

v.                                          Case No:  8:21-cv-2868-TPB-TGW

BERNARD J. MCCABE, et al.,

   Defendants.
_____/

## ORDER

Plaintiff Christopher J. Rahaim moves (Doc. 22) for reconsideration of the order dismissing this action with prejudice as time-barred (Doc. 20).  Rahaim does not identify the Federal Rule of Civil Procedure under which he seeks relief.  The Court therefore construes the *pro se* motion as a motion to alter or amend a final judgment under Rule 59(e).[1]  A party cannot use a Rule 59(e) motion to "relitigate old matters [or] raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellingt*on, Fla., 408 F.3d 757, 763 (11th Cir. 2005). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Reconsideration "is an extraordinary remedy

---

[1] Alternatively, the motion lacks merit under Rule 60(b) because, for the same reasons articulated herein, the Court's dismissal of the action is not a judicial error of law.  *Kemp v. United States*, No. 21-5726, __ S. Ct. __, 2022 WL 2111354, at *3 (June 13, 2022) ("[B]ased on the text, structure, and history of Rule 60(b), . . . a judge's errors of law are indeed mistakes under Rule 60(b)(1).").

which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

In this action, Rahaim challenged the fact of his confinement and sought monetary damages for malicious prosecution and false imprisonment. (Civ. Doc. 11 at 6). Rahaim was convicted in 2008 on sexual battery charges, but he did not file this action until 2021. Consequently, the action was dismissed because it was filed substantially more than four years after the events described in the amended complaint. (Doc. 20 at 2).

In his motion for reconsideration, Rahaim attempts to recharacterize this action as an ongoing scheme to deprive him of records needed to challenge his allegedly unfair prosecution, in an attempt to circumvent the statute of limitations. He re-labels this action as a "substantive due process deprivation[] of public records." (Doc. 22 at 1). He describes a chronology of events from August of 2019 until January of 2022 during which he has pursued in state court motions to compel, petitions for mandamus relief, and Freedom of Information Act requests. (Doc. 22 at 1–3). He contends that the original police report, the sworn statements of material witnesses, and the deposition transcripts of alibi witnesses have been fraudulently concealed from him. (*Id.*).

Despite Rahaim's best efforts to recharacterize this action, the facts alleged in the amended complaint primarily concern his alleged malicious prosecution and false imprisonment for which he seeks monetary damages—not the alleged due process violation of denial of access to records. He alleges, "Defendants maliciously, fraudulently manufactured probable cause to arrest by fraud, false testimony."[2] (Civ. Doc. 11 at 5). When asked to identify the date and approximate time when the events giving rise to his claim occurred, Rahaim references a "Feb. 2, 2021 order denying requested evidence"; however, he describes his claim as a false[] arrest in a pre-meditated unconscionable scheme using paid for police informants to falsely claim forced sex when no sex or crimes were committed." (*Id.* at 6). He alleges, "I've been falsely imprisoned for non-existent crimes. I'm actually innocent." (*Id.*).

Despite Rahaim's assertions to the contrary, the chronology of events from August of 2019 until January of 2022, as described in the motion for reconsideration, are not set forth in the amended complaint. His frustrated attempts to obtain records are described in his *original* complaint (Doc. 1 at 2), but the original complaint was stricken because it was not on the standard form (Doc. 10). Rahaim was cautioned

---

[2] Furthermore, he alleges, "Defendant [State Attorney] Bruce Bartlett denied exculpatory, impeaching evidence in sworn statements, redacting relevant wording. Defendants [Detective] Ed Judy, [Attorney] Broderick Taylor offered pure hearsay evidence, false testimonial evidence and fraudulently concealed exculpatory D.N.A., confidential informant status of accusers denying Plaintiff due process and an acquittal. Bad faith in the initial filing of charging documents void the charging documents. The state court's jurisdiction was never lawfully established." (Civ. Doc. 11 at 5). Rahaim describes at length how the prosecution allegedly offered false testimony to obtain his wrongful conviction. (Doc. 11-1 at 1–6).

that his amended complaint "must include all of [his] claims and facts supporting those claims" and that the amended complaint "may not refer back to or incorporate the earlier complaint, which is now stricken from the record." (Doc. 10 at 2).

Rahaim has not demonstrated exceptional circumstances warranting reconsideration. He does not meet his burden of showing that, absent reconsideration, he will suffer an "extreme" or "unexpected" hardship. Rahaim may attempt to pursue habeas corpus relief or another civil remedy, such as a claim of deprivation of access to the courts.[3] The motion for reconsideration is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, on June 28th, 2022.

                                                    **TOM BARBER**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[3] Rahaim filed an almost identical action, *Rahaim v. Barlett, et al.*, 8:22-cv-303-WFJ-JSS, in which he challenged the fact of his confinement and sought release from custody and dismissal of criminal charges, rather than monetary damages. That action was dismissed without prejudice to Rahaim raising those claims in a habeas corpus petition. The district court denied reconsideration of dismissal of that action, noting that Rahaim "may consider a lawsuit directed to a presently ripe and concrete civil cause of action." *See Rahaim v. Barlett, et al.*, 8:22-cv-303-WFJ-JSS, Endorsed Order denying Motion for Reconsideration, Docket 29, entered June 18, 2022. Furthermore, the Court is aware of at least two more actions that Rahaim has filed based on facts similar to this action. *See Rahaim v. McCabe*, 8:21-cv-1961-KKM-SPF (dismissed without prejudice for failure to pay the filing fee or properly move for indigent status); *Rahaim v. Dixon*, 2:22-cv-104-SPC-NPM (dismissed without prejudice for failure to state a claim).